NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2887

_____

UNITED STATES OF AMERICA

v.

MIGUEL SCOTT ARNOLD, a/k/a Midnight,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:17-cr-00002-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2021

Before: AMBRO, JORDAN, and BIBAS, Circuit Judges

(Opinion filed  July 29, 2021)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Miguel Arnold appeals his sex-trafficking convictions. He argues there was insufficient evidence to support one of his convictions, the indictment was impermissibly duplicitous (meaning it joined two or more offenses in the same count), and the District Court constructively amended the indictment. For the reasons stated below, we affirm.

## I.       Background

In January 2017, a grand jury indicted Miguel Arnold and four co-defendants. Arnold was indicted on five counts, including conspiracy to commit sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1594(c), and the substantive offense of sex trafficking of multiple victims in violation of 18 U.S.C. § 1591(a), (b)(1). One of the co-defendants, but not Arnold, was charged with sex trafficking of a minor.

At trial, the Government contended that Arnold was the ringleader of a single conspiracy to commit sex trafficking. The defense conceded that Arnold was a trafficker but suggested he did not operate within a hierarchical conspiracy. Instead, the defense argued, Arnold was part of a less formal, "family"-like group of traffickers, each of whom had a separate trafficking operation. App. at 525, 528.

During the proceedings, the Government offered evidence that underage victims were trafficked without any timely objection from Arnold. The Government also presented testimony about the age of certain victims to establish their susceptibility to force, fraud, and coercion. Later in the proceedings, Arnold objected to the presentation of this evidence, but the Court overruled his objection.

After a five-day trial, the jury convicted Arnold on four counts. The District Court then sentenced him to 300 months in prison. He appeals.

2

## II.    Discussion[1]

Arnold raises three claims on appeal.  None is persuasive.

### A.    Sufficiency of the Evidence

First, Arnold argues that the Government presented insufficient evidence to support its theory of a single, large-scale conspiracy, and instead only proved that he and his co-defendants were involved in separate and independent conspiracies.  We evaluate "whether the record, when viewed in the light most favorable to the government, contains substantial evidence to support the jury's verdict." *United States v. Kelly*, 892 F.2d 255, 258 (3d Cir. 1989) (internal citations omitted).  For a single conspiracy, we use a three-pronged test:

> First, we examine whether there was a common goal among the conspirators
> . . . . Second, we look at the nature of the scheme to determine whether the
> agreement contemplated bringing to pass a continuous result that will not
> continue without the continuous cooperation of the conspirators . . . .  Third,
> we examine the extent to which the participants overlap in the various
> dealings.

*Id.* at 259 (internal quotation marks and citations omitted).

Arnold asserts that the Government's evidence failed on all prongs of the *Kelly* test; hence a rational juror could not have determined there was a unified conspiracy.  However, the District Court properly instructed the jury on the difference between single and multiple conspiracies, and significant evidence supports the jury's finding that Arnold and his co-defendants operated a single conspiracy.

On the first *Kelly* prong, the Government presented evidence that Arnold and his co-defendants knew each other and worked together toward the common goal of engaging

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

in sex trafficking. For example, the Government demonstrated that Arnold and his co-defendants worked as drivers for each other, recruited victims together, coordinated motel stays, collaborated to recover on debts, traded victims to each other, and offered joint "two-for-one" services where their prostitutes would work together to offer services at a discounted rate. The Government also presented evidence that Arnold had monitored interactions between his co-defendants and the police, which suggested a close relationship between the co-defendants' activities.

On the second prong, the Government presented evidence of interdependence among Arnold and his co-defendants. In addition to the evidence described above, there was testimony at trial that Arnold himself said he and his co-defendants were "all a family, we all do this together." App. at 271. Finally, the third prong cuts against Arnold due to significant overlap in activity between the various co-defendants.

Drawing all inferences in the Government's favor, as we must, we hold that a rational juror could conclude Arnold and his co-defendants operated a single conspiracy. We thus reject his first argument.

### B. Duplicitous Charges

Arnold contends the indictment on Count 2, a sex trafficking charge based on "multiple victims," was duplicitous. He did not raise this issue before the District Court; we therefore review for plain error, which requires that: (1) there was an error, (2) it was plain, (3) it affected substantial rights, and (4) not correcting it would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citations omitted). An

4

error is plain if it is "obvious" or "clear under current law." *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc) (quoting *Olano*, 507 U.S. at 734).

Assuming without deciding that there was an error on this issue, it was not plain. In analyzing allegedly duplicitous indictments, we must determine the appropriate "unit of prosecution," *United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009), meaning, in this case, whether the charges must be separated out by victim or whether it is permissible to combine multiple victims in one count. Neither we nor the Supreme Court have addressed the allowable unit of prosecution under 18 U.S.C. § 1591(a), the statute at issue here. "It is generally true that lack of precedent alone will not prevent us from finding plain error." *United States v. Jabateh*, 974 F.3d 281, 299 (3d Cir. 2020) (internal quotation marks and citation omitted). However, "for relief under the stringent *Olano* standard, novel questions . . . must be capable of measurement against some other absolutely clear legal norm." *Id.* (internal quotation marks, citation, and brackets omitted). There was no "absolutely clear legal norm" on this issue. We therefore reject Arnold's second argument.

### C. Constructive Amendment of the Indictment

Third, Arnold claims the District Court constructively amended the indictment by allowing evidence that some of the victims were minors, even though Arnold was not personally indicted on the separate charge of trafficking a minor. Constructive amendment occurs "when evidence, arguments, or the district court's jury instructions effectively 'amend[] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" *United States v. McKee*, 506 F.3d 225, 229 (3d

5

Cir. 2007) (quoting *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004)). Permitting evidence about the age of certain victims did not broaden the possible bases for convicting Arnold. As to him, that evidence was offered only to support the elements of the offenses with which he was charged under 18 U.S.C. § 1591. That statute required the Government to prove that force, fraud, or coercion were used to cause a victim to engage in a commercial sex act. The age of the victim in Arnold's case was a relevant consideration to show the victim's susceptibility to fraud, force, or coercion, even though he was not separately charged with trafficking a minor. Thus we see no error.

\* \* \* \* \*

We thus affirm the District Court's judgment of conviction.